{¶ 1} The defendant-appellant, Mark A. Rollins ("Rollins"), appeals the September 11, 2006 Judgment entry regarding orders of re-sentencing entered in the Court of Common Pleas of Paulding County, Ohio.
 {¶ 2} On August 13, 2004, Rollins was indicted by the Paulding County Grand Jury under a two-count indictment. Count One of the indictment alleged that on or about July 4, 2004, in Paulding County, Ohio, Rollins did knowingly assemble or possess one or more chemicals that may be used to manufacture methamphetamine, a schedule II controlled substance, in violation of R.C. 2925.041, a felony of the third degree. Count Two of the indictment alleged that on or about May 26, 2004, in Paudling County, Ohio, Rollins did knowingly obtain, possess, or use methamphetamine, a schedule II controlled substance in an amount less than the bulk amount, in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree. In March of 2005, Rollins pled not guilty to both counts.
 {¶ 3} On June 2, 2005, a jury trial was held. Upon completion of the testimony and arguments, the jury returned guilty verdicts on both counts of the indictment. Subsequently, the trial court sentenced Rollins to three years for the illegal assembly or possession of chemicals for the manufacture of *Page 4 
methamphetamine in violation of R.C. 2925.041, a felony of the third degree, and to eleven months for possession of methamphetamine in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree. The trial court ordered these sentences to be served concurrently with each other and consecutively to the sentence imposed by the Richland County Court of Common Pleas in their Case No. 03-CR-0753.
 {¶ 4} On June 27, 2005, Rollins filed a notice of appeal with this court alleging five assignments of error. This Court addressed these assignments of error in State v. Rollins (April 17, 2006), 3rd Dist. No. 11-05-08 affirming in part, reversing in part, and remanding for re-sentencing in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 5} On September 8, 2006, the trial court re-sentenced Rollins. The trial court imposed a sentence identical to the first sentence — three years in prison for Count 1 and eleven months in prison for Count 2 to be served concurrently with each other and consecutively to the sentence previously imposed by the Richland County Court of Common Pleas in Case No. 03-CR-0753.
 {¶ 6} On September 21, 2006, Rollins filed a notice of appeal raising the following assignments of error:
 Assignment of Error I THE FELONY SENTENCING STATUTES AS APPLIED TO APPELLANT PURSUANT TO State v. Foster (2006) 109 Ohio *Page 5 St.3d 1 VIOLATE THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION AND THE EX POST FACTO CLAUSE OF SECTION 10, ARTICLE I OF THE UNITED STATES CONSTITUTION.
 Assignment of Error II THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM SENTENCES ON EACH CASE TO RUN CONSECUTIVE TO ANOTHER CRIMINAL SENTENCE.
 {¶ 7} Rollins alleges in his first assignment of error that the felony sentencing statutes as applied to him pursuant to Foster violated the retroactivity clause of the Ohio Constitution and the Ex Post Facto clause of the United States Constitution.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their *Page 6 
reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
 {¶ 9} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to re-sentence Rollins to a three year prison term to be served consecutively with a previously imposed prison sentence from another county. Rollins was found guilty by a jury trial on two felony counts, one a felony of the third degree and the other a felony of the fifth degree.
 {¶ 10} Pursuant to R.C. 2929.14(A),
 [t]he court shall impose a definite prison term that shall be one
 of the following:
 * * *
 (3) For a felony of the third degree, the prison term shall be one, two, three, four, five, six, seven, or eight years.
 * * *
 For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.
Rollins could have been sentenced to as little as one year or as much as nine years for the counts that he was found guilty of. In this case, Rollins was sentenced to three years.
 {¶ 11} In addition, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in his argument that his sentence violates the Due Process Clauses. Rollins was found guilty on June 2, 2005. He was sentenced to a three year prison term on June 9, 2005. He filed a notice of *Page 7 
appeal with this Court on June 27, 2005. The Supreme Court of Ohio announced its decision in Foster on February 27, 2006. This Court affirmed in part, reversed in part, and remanded the case for re-sentencing in accordance with Foster on April 17, 2006. On September 8, 2006, the trial court re-sentenced Rollins to an identical prison sentence as in his original sentence. We note, as to this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for his felonies has remained unchanged, so Rollins had notice of the potential sentence for his offenses.
 {¶ 12} Furthermore, the Ohio State Public Defender attempted to appeal the unanimous Foster decision to the United States Supreme Court. On October 16, 2006, the United States Supreme Court denied the Petition for Writ of Certiorari. Foster v. Ohio (2006), 127 S.Ct. 442, 166 L.Ed.2d 314. Accordingly, we find Rollin's first assignment of error is overruled.
 {¶ 13} In his second assignment of error, Rollins claims that the trial court erred when it imposed more than the minimum sentence on each case to run consecutively to another criminal sentence. Specifically, he asserts that the trial *Page 8 
court failed to follow the purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness of the crime and recidivism factors set forth in R.C. 2929.12.
 {¶ 14} As stated previously, the Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing inFoster. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void, including R.C. 2929.14(E)(4) requiring judicial findings for consecutive terms. Foster, 2006-Ohio-856, at ¶ 97. Regarding new sentences and re-sentences, the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100 (Emphasis added).
 {¶ 15} In this case, the trial court states in the record at the re-sentencing hearing on September 8, 2006 the following:
 And the Court again has had an opportunity to review the pre-sentence investigation report that was prepared by the Richland County Probation Department or the Adult Parole Authority for the Richland County Court of Common Pleas in Case Number 03-CR00753. And the Court notes that as far as the Defendant's prior record that in 1995 he had a conviction for Receiving Stolen Property where he was placed on — in Erie County where he was placed under community control for a period of five years. And then in 2001, apparently it must have been a — there was a Theft and a Conspiracy charge in Rochester, Minnesota, and in November of 2001 a — it must have been a misdemeanor Theft in Fremont, Ohio where he was placed on probation and *Page 9 served thirty days in the County Jail. And there were two or three driving offenses. And in November of 2002, a Possession of Drugs in Cuyahoga County for which he received a prison sentence of six months. And then in November of 2003, apparently there were — the Burglary an F-2 and an Attempted Burglary an F-3 in Richland County for which the Defendant has been sentenced. And I believe at the time, we brought him back or he appeared in this Court for the first time we had brought him back from the state institution where he was incarcerated on the Richland County charges.
 And the Court also notes that in our particular case the Defendant was initially — it was a two count indictment, and in May of 2004 he was found to be in possession of some methamphetamine when the Sheriff's Department executed a search warrant on a residence here in the county. And then in — about a month and a half later on July 4th of 2004, the Defendant was found to be in possession of the — some of the chemicals, paraphernalia necessary for the manufacture of methamphetamine and was in fact injured as a result of a fire that was thought to have been caused by the cooking of meth.
 The Court has also reviewed the principles and purposes of sentencing under Section 2929.11 of the Ohio Revised Code. Also balanced the seriousness and recidivism factors under Section 2929.12 of the Revised Code and in light of the Defendant's criminal history the Court does find that the Defendant is not amenable to rehabilitation through available community control sanctions.
 It is therefore ordered that the Defendant be and hereby is sentenced to serve a stated prison term of three years in the Ohio Department of Rehabilitation and Correction for the Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs, in violation of Section 2925.041 of the Ohio Revised Code which is a Felony of the Third Degree and also that he serve a stated prison term of eleven months in the Ohio Department of Rehabilitation and Correction for Possession of Methamphetamine, in violation of Section 2925.11(A)(C)(1)(a) of the Ohio Revised Code, a Felony of the Fifth Degree. *Page 10 
 And the Court does order that those sentences be served concurrently with each other.
 But in light of the Defendant's criminal history and the two offenses here in this county which were in close proximity in time to one another the Court does find that consecutive sentences are appropriate in this case and that these sentences that I've just imposed should be served consecutively to the sentences imposed by the Richland County Court of Common Pleas in Case Number 03-CR-0753.
Furthermore, the record reflects in the re-sentencing Judgment Entry filed in September 11, 2006, the following:
 WHEREUPON, the Court having considered the record, oral statements, and pre-sentence investigation report prepared for the Richland County Court of Common Pleas in Case No. 03-CR-0753, as well as the principles and purposes of sentencing under Section 2929.11 of the Ohio Revised Code and having balanced the seriousness and recidivism factors under Section 2929.12 of the Ohio Revised Code finds that the Defendant is not amenable to rehabilitation through available community control sanctions and that the Defendant should be sentenced to terms of imprisonment.
 * * *
 The Court further finds that in light of the Defendant's criminal history that the aforesaid sentences of imprisonment should be served CONSECUTIVELY to the sentence of imprisonment previously imposed by the Richland County Court of Common Pleas.
 {¶ 16} Upon review of the record, the trial court did take into consideration the R.C. 2929.11 and R.C. 2929.12 factors in establishing its reasoning for *Page 11 
sentencing Rollins to a prison term that was to be run consecutively with a previously imposed prison term by another county.
 {¶ 17} Therefore, as this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Rollins to a consecutive term. Accordingly, we find Rollins assignments of error are overruled and the September 8, 2006 Judgment entry regarding orders of re-sentencing entered in the Court of Common Pleas of Paulding County, Ohio is affirmed.
Judgment affirmed.
 PRESTON and WILLAMOWSKI, JJ., concur. *Page 1